## PRICE v. LLOYD.

No. 2311. Decided Sept. 9, 1913 (135 Pac. 268).

QUIETING TITLE—FINDINGS—REVIEW. In a suit to quiet title, evidence *held* to sustain findings that, during the time of complainant's occupancy of the premises in question, deceased, under whom complainant claimed by a parol gift, exercised acts of exclusive ownership over the premises, and that the improvements placed upon the land by complainant and her husband were not permanent improvements, increasing the value of the freehold, but rather those conducive to comfort of occupancy.

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Suit by Martha Lloyd Price against John H. Lloyd as executor of the will of W. J. Lloyd, deceased.

Decree for defendant. Complainant appeals.

AFFIRMED.

*W. R. Hutchinson,* and *D. H. Wenger* for appellant.

*M. Thomas* for respondent.

McCARTY, C. J.

This is an action in equity to quiet title to certain property situate in Salt Lake City. The case was here on a previous appeal. (31 Utah, 86, 86 Pac. 767, 8 L. R. A. (N. S.) 870.)

The relief asked for by plaintiff on the former hearing was specific performance of a parol agreement to convey the land in controversy. The judgment, which was in favor of plaintiff, was reversed, and the cause was remanded for a new trial. The case was retried, and a decree rendered in favor of defendant.

The evidence introduced at the last trial was, with the exception of that part relating to the value of the improvements placed on the property by plaintiff, substantially the same as the evidence adduced at the first trial. In the opinion of this court on the former appeal will be found an elaborate statement of the facts, hence we deem it unnecessary to again state them in detail. We shall, however, refer to the evidence as adduced on the last trial in so far as it may be necessary to illustrate and determine the questions here involved.

The findings of fact made by the court in the last trial are as follows:

"That W. J. Lloyd, deceased, at and continuously for more than twenty years immediately prior to his death, was seised in fee, and was the owner of and entitled to possession, and so died, of the following described real property, situate in Salt Lake City, Salt Lake County, State of Utah, to wit: (Describing it.) That the said deceased gave by verbal gift to this plaintiff the property described in said complaint. That the said plaintiff entered into occupancy of the said premises on or about the 2d day of July, 1891. That, during the time of said occupancy of the premises in question by this plaintiff and her husband, the said deceased exercised acts of exclusive ownership over the said premises. That during all of the said period, and for more than twenty years immediately prior to the death of the deceased the said W. J. Lloyd, deceased, paid to the treasurer of Salt Lake County, and to the collector of taxes in Salt Lake County, the taxes upon said property, and which said property was continuously assessed in his name. That the records in the office of the county recorder of Salt Lake County, State of Utah, show that the said W. J.

Lloyd, deceased, during all the time and for more than twenty years immediately prior to his death, and at the time of his death, was the owner in fee of the said premises hereinbefore described. That the said plaintiff paid to the said deceased taxes upon the said property. That no agreement or contract in writing was entered into between this plaintiff and the said deceased, W. J. Lloyd, in relation to the said real estate in respect to a gift thereof, or with reference to any agreement to convey to the said plaintiff, by the said W. J. Lloyd, deceased, or by any person by him authorized, the premises hereinbefore described. That, during the time of the occupancy of the said premises by the said plaintiff and her husband, certain improvements were made by the said plaintiff and her husband, on the said premises; but the court finds that said improvements were not such as have a substantial or permanent character, or as are beneficial to the freehold, but were merely for the ordinary convenience and comfort of the plaintiff and her husband in the use and occupation of the premises, and the amount and value of improvements did not exceed the rental value of said property during the period of occupancy of said property by the plaintiff and her husband, and are no more than might ordinarily have been made by a tenant at will. That the said plaintiff, in common with other sons and daughters of the said W. J. Lloyd, deceased, from time to time administered to the wants of the said W. J. Lloyd, deceased, from on or about the —— day of July, 1891, up to the date of the death of said W. J. Lloyd, deceased."

The court also found as a conclusion of law:

"That the plaintiff has no cause of action against the defendant herein, and that she has no right, title, or interest whatsoever in the said land or premises hereinbefore described, or any part thereof, either by alleged gift, contract, or conveyance from the said W. J. Lloyd, deceased."

Respondent has devoted much space in his brief to the discussion of the finding of fact made by the court "that the deceased gave by verbal gift to this plaintiff" the property in controversy, and seems to contend, if we correctly under-

stand the tenor of his argument, that this finding is not supported by the evidence. While the testimony of some of appellant's witnesses is to the effect that "said deceased gave by verbal gift to this plaintiff the property" in question, as found by the court, yet there is much evidence in the record which tends to show that the deceased never intended to divest himself of the ownership thereof. However, since the respondent has filed no cross-assignment of errors, we do not feel at liberty to disturb the finding which the trial court made on that issue.

Comp. Laws 1907, section 2461, which was in force at the time the parol gift in question was made, and when this controversy arose, provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing."

This action being based upon a parol gift of land, the important question is, Do the facts as disclosed by the record entitle plaintiff to the equitable relief prayed for in her complaint, namely, "that the title to said premises be quieted in her, and that the defendant be, and all persons claiming by, through, or under the said deceased, William J. Lloyd, under his will, be forever enjoined and restrained from interfering with the possession of this plaintiff?" While appellant has assigned numerous errors, only two of them contain sufficient merit to warrant consideration, and these relate to the court's second and fifth findings of fact. Appellant objects to that part of finding No. 2 which is as follows:

"That, during the time of said occupancy of the premises in question by the plaintiff and her husband, the said deceased exercised acts of exclusive ownership over the said premises."

This finding is assailed on the ground that it is contrary to the evidence. It is conceded that, during the occupancy of the premises in question by appellant and her husband from 1891 until the death of William J. Lloyd, which occurred in 1903, the property was assessed to Lloyd, and that he paid all the taxes. It is also conceded that on several occasions during this time he, Lloyd, rented a part of the premises to parties other than appellant, and collected the rent thereon. There is substantial evidence to the effect that during the time appellant lived on the premises certain improvements were made for and under the direction of Lloyd, and that he paid for the same. There is also sufficient evidence to support a finding that Lloyd, during appellant's occupancy of the premises, advertised the same for sale by posting a sign in a conspicuous place on the property with the words "For sale, apply to William J. Lloyd," written thereon. And there is evidence tending to show that Lloyd collected rent from appellant during the time that she and her husband occupied the premises from 1891 until the death of Lloyd in 1903. Appellant and her husband, Fred Price, testified in the cause, and denied that they or either of them paid Lloyd rent for the use of the property, denied that Lloyd posted a sign on the property offering it for sale as above stated, and denied that he made any improvements on the property except by permission of appellant. Fred Price, in his testimony, claimed that, while Lloyd rented a portion of the premises and collected the rent, he did so by permission of appellant, and not otherwise. We are of the opinion, however, that the finding of fact made by the court that Lloyd "exercised acts of exclusive ownership over said premises" is supported by the greater weight of the evidence. This assignment of error is therefore overruled.

The evidence shows that the rental value of that part of the property occupied by appellant was from ten dollars to fifteen dollars per month.

We are also of the opinion that finding of fact No. 5, relating to the character and value of the improvements made on the premises by appellant and her husband, is supported

by the greater weight of the evidence. One witness only, for appellant, testified as to the amount—sum total—of the expenditures made by her on the premises during the lifetime of Lloyd. This witness testified that "she (appellant) paid in in expenses, including taxes, $2774" on the property; that the taxes were $659.08. This witness also testified that the improvements consisted of a barn (this so-called barn the undisputed evidence shows was nothing more than a mere shack or shed), fences, chicken coops, gravel and cinders hauled onto the sidewalks contiguous to the property, twenty-four apple and pear trees, elm, box elders, rose bushes, etc., planted thereon, and that several hundred dollars were spent by appellant in painting and repairing the house occupied by her. Photographs were taken of the fences and outbuildings alleged to have been erected by appellant and her husband. These photographs were made exhibits, introduced in evidence, and made a part of the bill of exceptions, and they show that the improvements "were (as found by the court) not such as have a substantial or permanent character, or as are beneficial to the freehold." We think the evidence regarding the value of the improvements, considered as a whole and in connection with the photographs mentioned, is all but conclusive that the value as fixed by appellant's witness was very much exaggerated. For example, the witness who testified for appellant as to the value of the improvements, in giving his testimony, said:

"To the south of the house there is about four rods of fence made of 2x4's, cedar posts and pickets, put there by Mrs. Price (appellant) about 1892, cost about $70."

According to this testimony, the fence cost at the rate of $17.50 per rod. The great preponderance of the evidence shows that at the time that piece of fence was erected the cost—market value—of that kind and grade of fence did not exceed $3.50 per rod. The witness last referred to also testified that appellant "paid approximately $18 for (four rods) Burton-Gardner fence, to buy stuff, and have the thing (fence) put there." That is, according to the evidence introduced by appellant, the Burton-Gardner fence cost ap-

pellant at the rate of about $4.50 per rod. The great weight of the evidence, however, shows that the market value of Burton-Gardner fence, including the cost of labor for putting it up, was less than two dollars per rod. The foregoing is a fair sample of much of the evidence introduced by appellant regarding the value of the improvements.

The opinion of this court, written by Mr. Justice Straup, on the former appeal of this case, contains an able and lucid discussion of the principles of equity applicable to the facts presented on that appeal. Therefore, the facts presented by this appeal being substantially the same in all respects as the facts presented by the former appeal, the case is ruled by the decision rendered by this court on that appeal.

The judgment is affirmed, with costs to respondent.

STRAUP, J., and HOWELL, District Judge, concur.